# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ASHLEY CAMERON-LEDFORD ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 3:14-cv-0592 |
| ) | Judge Trauger |
| ) | Magistrate Judge Brown |
| SUMNER COUNTY, TENNESSEE, JANET ) | |
| BOZARTH, HILLARY FOX, ) | |
| HENDERSONVILLE, TENNESSEE, DAVID ) | |
| HOLSCHER, SOUTHERN HEALTH ) | |
| PARTNERS, INC., "NURSE" SHARON, C. ) | |
| KELLEY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO QUASH DEPOSITION OF PLAINTIFF AND FOR PROTECTIVE ORDER**

Come now the Defendants, jointly and by counsel, and for their Memorandum in Support of Joint Motion to Quash Deposition of Plaintiff and for Protective Order, state as follows:

## I. INTRODUCTION

Plaintiff has filed a civil rights complaint against the Defendants. Plaintiff has scheduled her expedited deposition for July 16, 2014. The Defendants object, as Plaintiff has not given any valid reason to take an expedited deposition. As Plaintiff has not shown the required "good cause" to take an expedited deposition, the Defendants respectfully request this Court to grant their Motion to Quash and enter a Protective Order.

## II. PROCEDURAL HISTORY

On February 28, 2014, Plaintiff filed a civil rights Complaint against the Defendants. (Docket Entry No. 1). On June 2, 2014, an initial case management conference occurred in which Plaintiff's counsel, for the first time, mentioned he wanted to take the expedited

deposition of the Plaintiff. Counsel cited concern that Plaintiff was in ill health and needed to be deposed. Plaintiff's counsel stated he feared Plaintiff could die before she could be deposed. Despite this, the parties agreed to an Initial Case Management Order which stated all discovery must be completed by May 21, 2015. (Docket Entry No. 33).

On June 2, 2014, Plaintiff sent defense counsel correspondence giving June 16-18 or June 23-27 as dates for Plaintiff's expedited deposition. (Plaintiff June 2, 2014, correspondence, attached as Exhibit 1). The following day, the Defendants responded stating that the dates were not practical due to previous engagements. The Defendants further informed Plaintiff that she had given no valid reason for an expedited deposition. If the Defendants were to depose Plaintiff quickly, they would require (1) a note from an impartial physician stating Plaintiff was in ill health and (2) receipt and review of Plaintiff's medical records and discovery requests prior to the deposition. (Defendants' June 3, 2014, correspondence, attached as Exhibit 2). Plaintiff responded, stating the deposition of the Plaintiff could occur at any time so long as notice was given and he was not required to wait for the Defendants to prepare before deposing the Plaintiff. (Plaintiff June 3, 2014, correspondence, attached as Exhibit 3).[1]

On June 3, 2014 a telephone conference occurred between all counsel to discuss the expedited deposition and the disclosure of Plaintiff's medical records. The Plaintiff refused to move the deposition date. On this same date and after the telephone conference, the Defendants sent Plaintiff correspondence stating they would agree to an expedited deposition if the Plaintiff answered all discovery a week before the deposition and also sent all of the Plaintiff's medical records to the Defendants. (Defendant correspondence attached as Exhibit 4). The Plaintiff once again refused and on June 4, 2014, and without the Defendants agreement, Plaintiff scheduled

---

[1] On June 3, 2014, Defendants Sumner County, Tennessee, Janet Bozarth and Hillary Fox sent Plaintiff their First Set of Interrogatories and Request for Production of Documents. The Plaintiff has not responded or answered this discovery.

569905.1/2013198

2
Case 3:14-cv-00592   Document 43   Filed 07/08/14   Page 2 of 9 PageID #: 158

the expedited deposition to occur on June 24, 2014. (Plaintiff June 4, 2014, correspondence attached as Exhibit 5).

Pursuant to the Initial Case Management Order on June 11, 2014 the parties had a telephone conference with the Court. During the conference, the Court stated it was unusual to take the Plaintiff's deposition so quickly. Further, the Court made it clear that the Plaintiff would have to provide medical proof of her illness to necessitate the extraordinary step of allowing the expedited deposition. Finally, the Court inferred that the Defendants would be entitled to review medical records and have adequate time to prepare before such a deposition occurred.

After the conference with the Court, the parties once again conferred. At that time, Plaintiff agreed to cancel the expedited deposition. (Plaintiff June 13, 2014, correspondence, attached as Exhibit 6). The parties agreed that the expedited deposition could occur on July 16, 2014, if the Plaintiff (1) provided medical proof from a physician of her illness and (2) the Plaintiff provided the medical records to the Defendants. Also during the conference, the Plaintiff made it clear she would not sign a medical release; however, she did agree to order Plaintiff's medical records and send them to Defendants so long as a protective order was in place. The parties submitted a Protective Order and on July 3, 2014 the Court granted it.

On June 24, 2014, the Defendants sent Plaintiff correspondence asking if the Plaintiff had received the medical proof from a physician and also as to whether the Plaintiff was still in the hospital. (June 24, 2014, correspondence, attached as Exhibit 7). Plaintiff responded stating no medical proof had been received and that "as far as I know" the Plaintiff was still in the hospital. (Id.).

On June 18, 2014, the Plaintiff sent a deposition notice. In it, Plaintiff set her deposition to occur on July 16, 2014. (Plaintiff June 18, 2014, correspondence, attached as Exhibit 8). The deposition was set to occur at an attorney's office, thus Plaintiff must have been confident that her condition was not so severe that she needed to be deposed in a hospital.

As of the date of this Motion, the Plaintiff has (1) failed to provide the Defendants with the required medical proof from a physician that Plaintiff's health necessitated an expedited deposition and (2) has failed to send any medical records to the Defendants. When Plaintiff was contacted about these failures, she responded by stating the deposition would still occur and that the Defendants could always move the Court to redepose the Plaintiff at a later date. (Multiple July 3, 2014, correspondences and July 2, 2014, correspondence attached as Exhibit 9). Further, the Plaintiff stated that even if a protective order was granted, the deposition would still occur as planned. (Id.).

### III. ARGUMENT

Under well settled Sixth Circuit law, Plaintiff must show "good cause" to take an expedited deposition. As explained below, the Plaintiff has not given any valid reason to take an expedited deposition. Accordingly, the Defendants motion should, respectfully, be granted.

The Court has control over the discovery process. Federal Rule of Civil Procedure 26(c) allows for entry of a protective order to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. . ." If Plaintiff is allowed to take the expedited deposition, it will cause additional expense and burden upon the Defendants. This is especially true since (1) the Plaintiff has not shown a valid, medical reason why her deposition must be taken and (2) Plaintiff has not provided the Defendants with Plaintiff's medical records or answered the discovery sent to her by Sumner County, Tennessee.

The only reason the Defendants agreed to set the expedited deposition was based upon the Plaintiff's assurances that she would provide medical proof necessitating the expedited deposition and would provide medical records. Plaintiff has not performed any of these tasks.

*Waggin' Train LLC, v. Normerica Inc.,* NO: 1:09-cv-1093-JDB-egb*,* 2009 U.S. Dist. LEXIS 110564 (W.D. Tenn. Aug. 18, 2009) (copy attached) is on point and in the Defendants favor. In *Waggin'* Plaintiff desired to expedite discovery; however, the Plaintiff failed to give any valid reason for the request. The Defendants objected and the Court denied the Plaintiff's motion. In so doing, the Court held that the plaintiff failed to provide the required "good cause" to necessitate expedited discovery.

> Because expedited discovery is not the norm Plaintiff must make some prima facie showing of the need for the expedited discovery. Additionally, when applying the good cause standard, the court should consider the scope of the requested discovery. Courts should not grant leave without some showing of the necessity for expedited discovery. The court must protect defendants from unfairly expedited discovery. On August 6, 2009, a scheduling conference was held in this matter and, as Defendants note, this Court established a nine-month period for discovery. The Court sees no reason why Plaintiff cannot seek discovery in accordance with the normal deadlines, and finds that it would be unfair to expedite Defendants' time to respond given that Plaintiff has failed to demonstrate its need for additional expedited discovery.

*Id.* at *2-4.

First, not only has Plaintiff failed to show "good cause" for taking an expedited deposition, Plaintiff has shown the Court "no cause." During the telephone conference with the Court, it was made clear to the parties that if the Plaintiff desired to take an expedited deposition, she would need to provide medical proof that warranted such an extraordinary step and further would need to give the Defendants time to prepare. Despite having almost a month to do so, Plaintiff has failed to provide any medical reason why the deposition should be expedited. Just

as in *Waggin'*, Plaintiff has failed to show "good cause" as to why discovery should not occur within the deadlines set forth in the Case Management Order – an Order which Plaintiff helped draft and agreed to follow.

Second, since the inception of this litigation, Plaintiff has attempted to control the manner in which discovery occurs. Plaintiff not only demands to take an expedited deposition, but Plaintiff further refuses to sign a medical release, thus causing the Defendants to rely solely on the Plaintiff to provide the medical records. Despite the fact that a Protective Order is in place with regards to the records, Plaintiff has still failed to provide the Defendants with any of the Plaintiff's medical records.

Given that this case is about Plaintiff allegedly falling and breaking her hip while incarcerated, her medical history is of vital importance. This is especially true since in her Complaint, Plaintiff alleged she informed the Defendants that she suffered form pneumonia, had gastric bypass surgery, had a mitral valve replacement in 2012 and that she "fractured easily." (Docket Entry No. 1, at ¶ 17). Further, she claimed that she was more likely to suffer from blood clots and must be on blood thinning medication. (Id. at ¶ 18). Clearly, Plaintiff's past medical history is very important and it is impossible to take Plaintiff's deposition without first having a full set of her medical records and sufficient time to review them.

Third, to allow the Plaintiff to expedite her deposition places the Defendants at a profound disadvantage and is only being done to harass and cause the Defendants added expenses. Plaintiff argues that the Defendants should attend the expedited deposition, and if additional materials come to light after the deposition concludes, simply move the Court to redepose the Plaintiff.

What Plaintiff fails to realize is that such a procedure costs the Defendants both additional time and money. Instead of having to prepare for one deposition of the Plaintiff, which is the norm in almost every case, the Defendants would have to spend time and money to prepare for two depositions. This is the very behavior that Fed.R.Civ.P. 26(c) was enacted to halt.

The reason the Defendants agreed to hold July 16 for an expedited deposition was based upon Plaintiff (1) providing medical proof that such a deposition was needed and (2) providing all of the Plaintiff's medical records in sufficient time for the Defendants to review. Plaintiff has failed in both of these tasks and, further, has failed to provide the Court with the "good cause" necessary to take the extraordinary step of taking an expedited deposition. This is especially true since it is the deposition of the Plaintiff which is the most important deposition the Defendants will take. It is wholly unfair to require the Defendants to go into an important deposition unprepared. Accordingly, the Defendants Motion should, respectfully, be granted.

### III. CONCLUSION

Therefore, the Defendants respectfully request this Court to grant their Motion to Quash Deposition of Plaintiff and enter a Protective Order protecting the Defendants from having to attend an expedited deposition[2].

---

[2] A Certification of Good Faith is attached hereto as Exhibit 10. Per the Federal Rules, the Defendants certify that they have attempted to rectify this discovery dispute with the Plaintiff but have been unable to do so, thus necessitating action by the Court.

569905.1/2013198

Respectfully submitted:

*s/ Thomas B. Russell*
A. Scott Derrick, #6620
Thomas B. Russell, #26011
GULLETT, SANFORD, ROBINSON & MARTIN
150 Third Avenue South, Suite 1700
Nashville, TN 37201
sderrick@gsrm.com; trussell@gsrm.com

Leah May Dennen, #12711
Sumner County Law Director
Sumner County Administration Building
355 North Belvedere Drive, Room 303
Gallatin, TN 37066
LeahMay@sumnercountylaw.com

*Attorneys for Defendants Sumner County, Tennessee, Janet Bozarth and Hillary Fox*

*s/El Shon D. Richmond with permission*
El Shon D. Richmond
Farrar & Bates, LLP
211 Seventh Avenue North, Suite 500
Nashville, TN 37219

*Attorney for Hendersonville, Tennessee and David Holscher*

*s/Daniel F. Beasley with permission*
Daniel F. Beasley
Lanier Ford
2101 West Clinton Avenue, Suite 102
Huntsville, AL 35805

*Attorney for Southern Health Partners, Inc., Sharon Harris and Cheryl Kelley*

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2014, a copy of the foregoing **Defendants' Memorandum in Support of their Joint Motion to Quash Deposition of Plaintiff and for Protective Order** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Jerry Gonzalez
2441-Q Old Fort Parkway
No. 381
Murfreesboro, TN 37128
*Attorney for Plaintiff*

Daniel F. Beasley
Lanier Ford
2101 West Clinton Avenue, Suite 102
Huntsville, AL 35805
*Attorney for Southern Health Partners, Inc.*

El Shon D. Richmond
Farrar & Bates, LLP
211 Seventh Avenue North, Suite 500
Nashville, TN 37219
*Attorney for Hendersonville, Tennessee and David Holscher*

*s/ Thomas B. Russell*